REQUESTED BY: Dear Senator Johnson:
You have asked us two questions with respect to Amendment No. 6 appearing on page 1264 of the Legislative Journal, Eighty-sixth Legislature, First Session, 1979. You point out that the amendment exempts from the limitation imposed by LB 285 the increased costs of electricity and other fuels purchased by elementary and secondary schools.
In your first question you ask whether or not this violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution as being an unreasonable classification. We refer you to our Opinion No. 262, June 29, 1978, a copy of which is attached to this letter. In that opinion we discussed the question of whether or not classification problems arise where statutes affect geographic or governmental entities in different ways. We concluded in that opinion that such discrimination by the Legislature does not rise to constitutional proportions. We adhere to the sentiments expressed in that opinion.
In the second part of your query regarding the amendment, you ask whether or not it might violate the prohibition against local or special laws in Article III, section18, of the Constitution of the State of Nebraska. That section generally prohibits the Legislature from passing a special or local law. However, that section does not prohibit classifications based upon differences perceived by the Legislature. For instance, in Campbell v. City of Lincoln,182 Neb. 459, 155 N.W.2d 444 (1968), the court approved an act authorizing primary class cities to annex land. It may well be that there is a valid reason to exempt school districts from the operation of the lid on such items. For instance, such expenditure might be a larger percentage of school budgets.
In any event, the classification of subdivisions for the purposes of different treatment is well recognized. A number of statutory enactments classify various subdivisions for purposes of different treatment. Cities are classified as metropolitan, primary, etc. Counties are classified according to population with certain powers granted some classes not granted others. Different types of subdivisions are granted different powers. None of these types of classifications are held to be improper or in violation of Article III, section 18, unless the court can clearly see that the Legislature has by artificial and baseless classification attempted to evade and violate the provisions of the Constitution prohibiting local or special legislation. See,Dwyer v. Omaha-Douglas Public Building Commission,188 Neb. 30, 195 N.W.2d 236 (1972). We do not perceive that the grant of the authority here under consideration is so baseless or arbitrary as to be in violation of Article III, section 18.